**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MICHAEL CURTIS REYNOLDS,**

        **Petitioner,**

    **v.**                          **CIVIL ACTION NO. 3:17-CV-67
(GROH)**

**JENNIFER SAAD, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On June 12, 2017, the *pro se* Petitioner filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] Petitioner is a federal inmate housed at FCI Gilmer in the Northern District of West Virginia and is challenging the validity of his conviction imposed in the United States District Court for the Middle District of Pennsylvania (M.D.Pa.) case number 3:05-CR-493. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Part 2.

### II. FACTUAL AND PROCEDURAL HISTORY

**A.    Petitioner's Conviction and Pre-Sentencing Requests for Relief
Pursuant to § 2255**

On December 5, 2005, Petitioner was charged in the Middle District of

---

[1] ECF Numbers cited herein refer to case number 3:17-CV-67 unless otherwise noted.

Pennsylvania at Scranton, in a criminal complaint with a federal weapons offense. ECF No. 1.[2] On December 20, 2005, a grand jury indicted Petitioner with two counts of criminal activity. ECF No. 16. On October 3, 2006, a grand jury returned a superseding indictment with charged Petitioner with six counts of felony criminal activity: Count 1, Attempt to Provide Material Support to a Foreign Terrorist Organization (Al-Qaeda); Count 2, Attempt to Provide Material Support to be Used in Maliciously Damaging and Destroying an Interstate Gas Pipeline by Means of Force or Explosive; Count 3, Solicitation of Others to Engage in a Felony Involving the Damaging or Attempted Damaging of an Interstate Pipeline Facility by Means of Force or Explosive; Count 4, Distribution of Information Through the Internet Involving the Manufacture and Use of an Explosive or Destructive Device to be Used to Damage or Attempt to Damage an Interstate Gas Pipeline Facility; Counts 5 and 6, Possession of an Explosive Grenade not Properly Registered. ECF No. 80. Following a jury trial, on July 13, 2007, Petitioner was found guilty of counts 1, 2, 3, 4 and 6 of the superseding indictment. ECF Nos. 297, 249.

On July 23, 2007, before being sentenced, Petitioner filed a self-styled "appeal" on court-approved forms to file a motion to vacate or set aside pursuant to 28 U.S.C. § 2255.[3] ECF No. 249. On July 31, 2007, the Court of Appeals for the Third Circuit

---

[2] Throughout sections II.A. and II.B. of the Factual and Procedural History the ECF Numbers cited refer to the Middle District of Pennsylvania case number 3:05-CR-493 unless otherwise noted.

[3] Although the appeal was filed on forms for a § 2255 motion to vacate, set aside or correct sentence, Petitioner clearly identified the document as a direct appeal. Question 8 of the form asks, "Did you appeal from the judgment of conviction?" Petitioner checked the box for "Yes" and wrote, "This is that appeal". Petitioner alleged five grounds for relief: (1) that his conviction was obtained by use of "evidence gained pursuant to an unconstitutional search"; (2) that his conviction was obtained by use of "a perjured affidavit of probable cause"; (3) that he

issued an order which stayed Petitioner's appeal pending entry of the judgment. ECF No. 257. On August 7, 2007, Petitioner filed another § 2255 motion which alleged two grounds for relief: (1) that his conviction was obtained by use of a coerced confession; and (2) that he was denied the right to due process. ECF No. 258. On August 15, 2007, the District Court entered an order which dismissed the August 7, 2007 § 2255 motion to vacate as premature. ECF No. 268.

On November 6, 2007, the court sentenced Petitioner to a term of imprisonment of 360 months. ECF No. 297.

### B. Petitioner's Post-Sentencing Habeas Corpus Proceedings filed Under 28 U.S.C. § 2255 in the Middle District of Pennsylvania

Following his sentencing, on November 15, 2007, Petitioner filed another motion to vacate or set aside pursuant to 28 U.S.C. § 2255. ECF No. 313. In that motion, Petitioner repeated the same two grounds which he raised in his August 7, 2007 motion and added two additional grounds for relief: (1) that he was denied effective assistance of counsel; and (2) that the indictment against him was obtained by perjured testimony presented to and fraud committed upon the grand jury. Id. On November 26, 2007, the District Court dismissed Petitioner's November 15, 2007 motion to vacate on the ground that it was premature. ECF No. 318.

On November 5, 2009, Petitioner filed a motion pursuant to 28 U.S.C. §§ 2241, 2243, seeking his immediate release, which motion alleged that search warrants issued against him were invalid, trial testimony was either coached or the result of perjury, and that his arrest was unlawful. ECF No. 350. On November 30, 2009, Petitioner filed

was denied access to the courts; (4) that the Government failed to disclose favorable evidence; and (5) that the court of conviction lacked venue and jurisdiction. M.D.Pa. 3:05-CR-493 ECF No. 249.

another motion "for Emergency Habeas Release" pursuant to 28 U.S.C. §§ 2241, 2243. ECF No. 353. On December 7, 2009, Petitioner filed a third "Emergency Release" motion pursuant to §§ 2241 and 2243. ECF No. 354. On December 9, 2009, the District Court denied Petitioner's motions filed on November 9, 2009, and November 30, 2009, for lack of jurisdiction because the matter was then pending before the United States Court of Appeals for the Third Circuit. ECF No. 356.

On March 18, 2010, in case number 07-3210, the United States Court of Appeals for the Third Circuit affirmed[4] Petitioner's conviction, appealed on July 23, 2007 in ECF No. 249. ECF No. 367, 371. In its opinion, the Third Circuit noted that Petitioner filed 11 pro se motions over the course of one month while the District Court appointed his third attorney, and Petitioner later filed 23 pro se motions while represented by court-appointed counsel. ECF No. 371-3 at 4. Further, the Third Circuit addressed Petitioner's claims that: (1) there was insufficient evidence to support his conviction; (2) the "master" affidavit and probable cause determination should have been suppressed by the trial court; (3) there was perjured trial testimony; (4) the government's prosecution of him was vindictive; and (5) that his speedy trial rights were violated. In regard to his claim that because he did not own a computer monitor, he was incapable of sending an email before November 23, 2005, the Court wrote:

> The government proved that emails were sent from an email address Reynolds controlled, under an alias that Reynolds used, and were sent from Pennsylvania at a time that Reynolds admits he was located in the Middle District. Whether they were sent from Reynolds' personal computer or from some other computer to which he had access,

---

[4] On January 24, 2011, in case number 10-4676, the Third Circuit also issued a Judgment denying the Petition for a writ of mandamus as to Petitioner's July 23, 2007 notice of appeal [ECF No. 249]. ECF No. 408.

> Reynolds' assertion that his own computer had no monitor
> does not render the government's evidence insufficient.

ECF No. 371-3 at 6. In regard to his claim that perjured trial testimony was used to convict him, the Third Circuit recognized that, "[w]hether a witness's testimony is false, and the government's actual or imputed knowledge thereof, are factual questions to be determined by the District Court." Id. at 8, citations omitted. The Third Circuit further noted that Petitioner failed to preserve that claim for appeal. Id.

Next, Petitioner filed a motion in District Court for release from custody under §§ 2241 and 2243 on July 7, 2010, wherein he requested a "bail release hearing". ECF No. 381. The District Court denied this request noting that "Petitioner not being on bail, [ ] it cannot be enlarged." ECF No. 388. By further order, on August 19, 2010, the District Court denied Petitioner's July 7, 2010 motion for release from custody, noting that he "would be a danger to the community." ECF No. 390.

On October 21, 2010, Petitioner filed a self-styled "Hazel-Atlas" motion[5] alleging various facts, including those raised in the instant habeas corpus proceeding that the Standard Oil Company is no longer a going concern and that he possessed "no computer monitor with which to send emails". ECF No. 391 at 2 – 3. Petitioner then filed two additional Hazel-Atlas motions on November 15, 2010 and December 1, 2010. ECF Nos. 395, 398. On March 8, 2011, the District Court issued a memorandum and order which denied Petitioner's three Hazel-Atlas motions [ECF Nos. 391, 395, 398], seven miscellaneous motions [ECF Nos. 403, 404, 406, 409, 411, 415, 420] and his motion for bail pending appeal [ECF No. 412]. ECF No. 422.

---

[5] This motion was filed pursuant to Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 249 - 50 (1944).

On January 24, 2011, the United States Court of Appeals for the Third Circuit denied Petitioner's appeal in case number 10-4676. ECF No. 408.

On March 22, 2011, Petitioner filed another[6] notice of appeal with the United States Court of Appeals for the Third Circuit in case number 11-1839. ECF Nos. 426, 427. This notice of appeal concerned the District Court's ruling on Petitioner's Hazel-Atlas motions. ECF Nos. 426. On April 8, 2011, Petitioner filed another motion for relief which was denied by order of the District Court, because Petitioner had already appealed the matter to the Third Circuit. ECF Nos. 428, 426.

On August 29, 2011, Petitioner filed another motion to vacate pursuant to § 2255. ECF No. 440. In his motion Petitioner alleged four grounds: (1) that the "search warrant violation [was] not challenged"; (2) "known perjury before [the] grand jury"; (3) "fabrication of evidence"; and (4) "known [judicial] witness tampering". Id. On October 3, 2011, the District Court entered an order which advised the Petitioner of limitations on his right to file a second or successive petition for relief under 28 U.S.C. § 2255, and which granted him leave to withdraw his most recent petition without prejudice to his rights. ECF No. 442.

On October 13, 2011, the United States Court of Appeals for the Third Circuit, in case number 11-1839, denied Petitioner's appeal, and affirmed the District Court's March 8, 2011 ruling which denied Petitioner's three Hazel-Atlas motions. ECF Nos.

---

[6] The Court notes that this procedural history is based upon the records of the Middle District of Pennsylvania in case number 3:05-CR-493 and is not complete. The records of the Third Circuit Court of Appeals reflect that Petitioner has filed 35 separate proceedings therein, docketed with the following case numbers: 07-2567, 07-2568, 07-3210, 08-1846, 08-1785, 09-1571, 09-2509, 09-2510, 09-4661, 10-2834, 10-3813, 10-4299, 10-4398, 10-4676, 11-1323, 11-1752, 11-1839, 11-2959, 11-3149, 11-3643, 12-1401, 12-1678, 12-3580, 12-3635, 12-4536, 13-4119, 13-4195, 14-3313, 14-4163, 15-1670, 15-2233, 15-2490, 16-4143, 17-1236 and 17-2873.

443, 446-1.  In its opinion, the Third Circuit noted that:

> Reynolds has accumulated three "strikes" under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).  He has filed some nineteen appeals and other proceedings in this Court since 2007. . . . has filed over thirty motions and other documents in the District Court and, since taking this appeal, has filed over twenty motions and other documents in this case.  These filings are largely repetitive, and many state no discernable basis for relief.

ECF No. 446-1 at 6.  The court characterized Petitioner's pleadings as, "difficult to follow, but he appears to take issue with evidence concerning a live hand grenade, an electronic match, his criminal history and a statement that his mother gave to detectives."  Id. at 3.

On February 16, 2012, Petitioner filed another notice of appeal with the Third Circuit, which was docketed by that court as case number 12-1401.  ECF Nos. 464, 465.  The appeal was dismissed by Order entered April 24, 2012, for lack of appellate jurisdiction because the District Court's order on Petitioner's latest motion to vacate under § 2255 was still pending before the District Court and thus was not final or appealable.  ECF No. 473.

On August 15, 2012, the District Court entered an order denying Petitioner the relief he sought in his August 29, 2011 motion to vacate filed pursuant to § 2255.  ECF No. 479.  In the accompanying memorandum opinion, the District Court noted that Petitioner's claims that perjured testimony was used before the grand jury and at trial had already been considered and denied, by the District Court and the Third Circuit Court of Appeals."  ECF No. at 12.  The District Court further addressed Petitioner's claims that the government solicited perjured testimony that one of Petitioner's targets

was the Standard Oil Company in Perth Amboy, New Jersey.  In a footnote, the District

Court recognized that:

> Despite Petitioner's suggestion to the contrary, the Standard Oil Company did not disappear after the Supreme Court's decision that it be dissolved pursuant to the Sherman Antitrust Act.  See Standard Oil Co., 221 U.S. 1, Rather, Standard Oil split into multiple companies, which after years of growth, sales, dissolutions, and mergers eventually became, inter alia, Mobil, Exxon, and Chevron.  The Perth Amboy plant, although idled a few months after Petitioner's trial, is operated as a terminal. . . . this Court finds that no willfully false statement was made.

ECF No. 478 at 18, N. 14.  The District Court further found that, "the specific locations of

the oil facility and the pipeline [targets] were not germane to Petitioner's conviction."  Id.

at 19.  The District Court also addressed Petitioner's claims, raised in his reply brief

[ECF No. 471, at 29, 35] that the court was without jurisdiction and venue to impose

sentence because Petitioner did not own a computer monitor while in Pennsylvania.

ECF No. 478 at 29.  The District Court ruled, "Petitioner's claim that he did not have a

computer monitor is without merit."  Id.  Finally, in denying Petitioner a certificate of

appealability, the District Court found that, "[t]he Third Circuit Court of Appeals

previously considered each of the claims addressed herein and denied Petitioner's

arguments."  Id. at 31.

On April 30, 2012, Petitioner, while in federal custody at FCI-Victorville, in

Victorville, California, filed a petition for a writ of habeas corpus under § 2241 in the

Central District of California, Western Division in 3:12-CV-1957.  ECF No. 489.

Petitioner claimed that his convictions are unconstitutional and that he is "actually

innocent."  Id. at 4.  On July 31, 2012, the District Court from the Central District of

California, Western Division entered a Report and Recommendation that the matter should be transferred back to the Middle District of Pennsylvania for disposition as a § 2255 petition.  Id. at 6.  On October 3, 2012, the transferred case was filed in the Middle District of Pennsylvania as a motion to vacate under § 2255.  ECF No. 489.  On November 15, 2012, a second motion in the transferred case from California was filed as another motion to vacate under § 2255.  ECF No. 490.  On November 28, 2012, the District Court entered an order which denied Petitioner's motion to vacate [ECF No. 489], deemed Petitioner's second motion to vacate [ECF No. 490] as a second or successive petition filed without prior authorization, and determined there was no basis for the issuance of a certificate of appealability.  ECF No. 492.

A month before those cases were transferred to Pennsylvania, Petitioner filed another appeal with the Third Circuit Court of Appeals in case number 12-3580, on September 4, 2012.  ECF No. 484.  On February 13, 2013, the Third Circuit Court of Appeals entered an order which denied Petitioner's request for a certificate of appealability.  ECF No. 493.

On September 16, 2013, Petitioner filed a document he styled as "motion for return of property taken by unlawful search and seizure." This motion was dismissed as moot by order entered September 16, 2013.  ECF Nos. 495, 500.  On October 1, 2013, Petitioner filed a motion for reconsideration with the District Court, which relief was denied by Order entered on October 3, 2013.  ECF Nos. 501, 503.  On October 8, 2013, Petitioner filed another notice of appeal with the Third Circuit Court of Appeals.  ECF No. 505.  In its February 25, 2014 opinion denying relief, the Third Circuit wrote, "[t]o the

9

extent that Reynold's motion for reconsideration was yet another attempt to challenge the validity of his underlying conviction, it was an unauthorized second or successive 28 U.S.C. § 2255 motion . . . and we decline to issue a certificate of appealability." ECF No. 508 at 2 (internal citations omitted).

On June 27, 2014, Petitioner filed a Freedom of Information Act (FOIA) request for documents related to the service and return of service for three search warrants. ECF No. 511. On June 30, 2014, the District Court denied Petitioner's request which it characterized as "Reynolds' most recent attempt to find new avenues to challenge the search and seizure leading to his arrest, which has repeatedly been upheld." ECF No. 512. On July 8, 2014, Petitioner filed another notice of appeal with the Third Circuit Court of Appeals which was docketed as case number 14-3313. ECF No. 514.

On March 25, 2015, the United States Court of Appeals for the Third Circuit issued an order in case number 15-1670 which recognized that Petitioner had filed with that court a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on March 17, 2015, and ordered that the petition be transferred to the District Court for the Middle District of Pennsylvania. ECF No. 520.

On April 2, 2015, the United States Court of Appeals for the Third Circuit issued an order in 14-3313 which affirmed the District Court's June 30, 2014 denial of Petitioner's FOIA request. ECF No. 521. In its Order, the Third Circuit noted, "[t]o the extent that [Reynolds] now attempts to raise substantive challenges to the validity of the search and seizure that led to his arrest, those challenges are outside the scope of this appeal." Id.

On September 7, 2016, Petitioner filed a motion which he styled as being filed "under 28 U.S.C. § 1651 for new defense not available at conviction/new law," which the Clerk docketed as yet another motion to vacate under 28 U.S.C. § 2255. ECF No. 522. On December 9, 2016, the District Court entered an order which dismissed Petitioner's § 2255 motion [ECF No. 522] to vacate, which was construed as a second or successive petition filed without prior authorization. ECF No. 537. The Order further dismissed three other motions [ECF Nos. 526, 531, 535] which it construed as second or successive motions filed under 28 U.S.C. § 2255, and denied as moot a fourth motion [ECF No. 530] which it construed as an amendment to one of the motions to vacate. ECF No. 537.

On January 19, 2017, Petitioner filed a motion for default. This motion was dismissed as meritless by the District Court by order entered on January 27, 2017. The order reminded Petitioner "that a proper method of challenging the fact of conviction at this stage is through habeas relief, which, in cases of second or successive petitions, must first be authorized by an appellate court." ECF Nos. 544, 545. On February 9, 2017, Petitioner filed a motion to reconsider the District Court's order. ECF No. 546. On February 10, 2017, the District Court entered a Memorandum Order which denied the motion for reconsideration. ECF No. 547. On September 26, 2017, the Clerk docketed yet another motion to vacate under 28 U.S.C. § 2255, following Petitioner's filing in the Central District of California and subsequent transfer to the Middle District of Pennsylvania. ECF No. 557.

**C.    The Instant Habeas Corpus Proceeding Filed under 28 U.S.C. § 2241**

11

On June 12, 2017, Petitioner filed the instant Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petition alleges four grounds for relief: (1) a factual innocence claim based on insufficiency of evidence in that it was "physically impossible" for Petitioner to have committed an email crime because he did not possess a computer monitor; (2) that the government used perjured testimony to convict him; (3) that the sentence imposed was illegal because his criminal history was improperly calculated; and (4) an insufficiency of evidence claim that is not fully intelligible, but which appears to suggest that a corporate "confession" was made by an entity, Standard Oil Company, which is no longer in existence. ECF No. 1 at 5 – 7. For relief, Petitioner seeks his immediate release or a public evidentiary hearing. Id. at 8.

On June 26, 2017, Petitioner filed six separate pro se motions for relief: (1) to reconsider his motion to proceed in form pauperis [ECF No. 13]; (2) under §§ 2241 and 2243 alleging actual innocence because he could not have sent emails from his computer because he did not have a computer monitor [ECF No. 14]; (3) under §§ 2241 and 2243 alleging actual innocence because his criminal history did not support enhancement for prior convictions [ECF No. 15]; (4) request for an admission of facts, pursuant to Federal Rule of Civil Procedure 36(a)(3), directed to the prosecutor in his underlying conviction [ECF No. 18]; (5) request for an admission of facts, pursuant to Federal Rule of Civil Procedure 36(a)(3), directed to the Assistant United States Attorney in his underlying conviction [ECF No. 19]; and (6) to compel the prosecutor and Assistant United States Attorney in his underlying conviction to provide him with a "complete and unredacted copy" of their file from his case [ECF No. 20].

On August 30, 2017, Petitioner filed a letter which was docketed as a motion for

a restraining order and sanctions.  ECF No. 23.

## III. STANDARD OF REVIEW

### A.    Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4, Rules Governing Section 2255 Cases in the U.S. District Courts.

### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[7] is designed largely to discourage the filing of, and waste of judicial and private resources upon,

---

[7]    The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person

13

baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.


**C.  Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241**

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255.  It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010) (internal citations omitted).  "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion."  In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (en banc) (internal citations omitted).

---

unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious."  As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit established a three-part test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

"Under the Jones rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." Rice, supra, 617 F.3d at 807.

## D.    Second and Successive Petitions for Habeas Corpus Relief

"While a federal inmate may file one § 2255 motion to 'vacate, set aside or correct [his] sentence' after his judgment of conviction has become final, he must obtain authorization from 'a panel of the appropriate court of appeals' before presenting '[a] second or successive motion.'" In re Vassell, 751 F.3d 267, 268 (4th Cir. 2014) (internal citations omitted). The statute describes the limited circumstances when a prisoner is entitled to file such a motion:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1)    newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to

> establish by clear and convincing evidence that no
> reasonable factfinder would have found the movant guilty of
> the offense; or
>
> (2) a new rule of constitutional law, made retroactive to
> cases on collateral review by the Supreme Court, that was
> previously unavailable.

28 U.S.C. § 2255(h). "A motion directly attacking the prisoner's conviction or sentence

will usually amount to a successive application," pursuant to 28 U.S.C. § 2255. United

States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003)


## IV. ANALYSIS

As an inmate at FCI Gilmer in the Northern District of West Virginia, Petitioner

may seek certain relief in this district pursuant to 28 U.S.C. § 2241. Whereas a federal

prisoner seeking to challenge the validity of his conviction or sentence must proceed

under 28 U.S.C. § 2255 in the district court where he was convicted, by contrast, a

prisoner seeking to challenge the execution of a sentence must proceed under 28

U.S.C. § 2241 in the district where the prisoner is incarcerated.

> Title 28 U.S.C. §§ 2241 and 2255 each create mechanisms
> for a federal prisoner to challenge his detention, but the two
> sections offer relief for different kinds of perceived wrongs.
> Section 2255 provides relief in cases where the sentence:
> (1) was imposed in violation of the U.S. Constitution or the
> laws of the United States; or (2) was entered by a court
> without jurisdiction to impose the sentence; or (3) exceeded
> the maximum detention authorized by law; or (4) is otherwise
> subject to collateral attack. See 28 U.S.C. § 2255. We have
> held that § 2255 is the appropriate vehicle for a federal
> prisoner to challenge the *imposition* of his
> sentence. See Chambers v. United States, 106 F.3d 472,
> 474 (2d Cir.1997). Section 2241 by contrast is the proper
> means to challenge the *execution* of a sentence. In a § 2241

16

> petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated.

Adams v. United States, 372 F.3d 132, 134–35 (2d Cir. 2004) (emphasis in original) (Cited by Gewin v. United States, 2007 WL 2407066 (N.D.W.Va. Aug. 20, 2007); Leeson v. Saad, 2016 WL 2636302 (N.D.W.Va. May 6, 2016); Jackson v. O'Brien, 2015 WL 4389561 (N.D.W.Va. July 17, 2015); and Cox v. O'Brien, 2015 WL 75055 (N.D.W.Va. Jan. 6, 2015)). Examples of an appropriate use of § 2241 relief include challenges related to: the manner in which sentence is imposed (United States v. Laudermilt, 576 Fed. Appx. 177, 184 (4th Cir. 2014), citing Paschal v. Bauknecht, 2007 WL 4568979 (D.S.C. Dec. 20, 2007)); detainer issues, (Rumsfeld v. Padilla, 542 U.S. 426, 434 (2006)); and early release following completion of a Residential Drug Abuse Treatment Program "RDAP" (Lopez v. Davis, 532 U.S. 230 (2001)).

Petitioner does not seek relief under any permissible ground in his § 2241 petition. Rather, Petitioner has challenged his conviction and sentence arguing grounds which are appropriately presented in a proceeding under § 2255. Petitioner alleges that: (1) he is factually innocent, (2) the government used perjured testimony to convict him; (3) his sentence is illegal because his criminal history was improperly calculated by the sentencing court; and (4) the evidence was insufficient to convict him. All four of these claims relate to the validity of his conviction and sentence and such claims are properly contested in a § 2255 proceeding. None of the four claims relate to the execution of his sentence, which subject is properly contested in a § 2241 proceeding.

Petitioner's first claim, that he is "factually innocent" is based on what he alleges is the impossibility of sending emails from his computer which did not have a monitor. This is an argument Petitioner has unsuccessfully raised several times previously, with the Third Circuit noting that the emails in question were sent from Petitioner's email address, under an alias Petitioner used, at a time he was located in the district wherein he was charged with committing the crime regardless of whether his home computer had a monitor. M.D.Pa. 3:05-CR-493 ECF No. 371-3 at 6. As such, the argument of "factual innocence" is both inaccurate and as a principle of res judicata, cannot be considered by this Court. Accordingly, Petitioner is not entitled to relief under 28 U.S.C. § 2241 on this ground. The second, third[8] and fourth grounds raised by Petitioner, which respectively claim that he was convicted using perjured testimony, that the sentencing court improperly calculated his sentence and that there was insufficient evidence to convict him, are all directly related to his conviction and sentence. Accordingly, those claims are all appropriately addressed in a proceeding filed pursuant to § 2255.

This Court recognizes that although the provisions of § 2255 expressly prohibit a prisoner from challenging his conviction and sentence through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241 if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §

---

[8] Petitioner's allegation that his sentence was improperly calculated by the sentencing court is appropriate for attack under § 2255. See Adams v. United States, supra (challenge to a sentence which exceeded the maximum detention authorized by law is proper subject in a § 2255 proceeding, but challenge to computation of sentence by parole officials is proper subject in § 2241 proceeding).

2255(e).  A petitioner does not demonstrate that a § 2255 remedy is inadequate of ineffective merely because relief is no longer available under § 2255 because of a time limitation bar.[9]  In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).  Moreover, Petitioner has not invoked the savings clause of § 2255(e) in his petition or subsequent pleadings. The savings clause provides that habeas corpus relief "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  Petitioner concedes that he filed at least one prior § 2255 petition but has not alleged that he should be permitted to file a second or successive petition pursuant to the savings clause of § 2255.  ECF No. 1 at 8 - 9.

Petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective."  In the Fourth Circuit, relief available pursuant to  § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when:

---

[9]  The Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] established a one-year limitation period within which to file any federal habeas corpus motion.  28 U.S.C. § 2255.

The limitation period shall run from the last of:

a.  The date on which the judgment of conviction becomes final;
b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

> (1) at the time of conviction, settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; **and**
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Although Petitioner has not addressed the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner can meet the first and third prongs of the Jones test, Petitioner cannot meet the second element of the Jones test because the five crimes for which he was convicted remain criminal offenses. Therefore, because Petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, Petitioner cannot demonstrate that § 2255 is an inadequate or ineffective remedy. Because the savings clause is inapplicable, and Petitioner raises only issues appropriate for relief in a petition filed pursuant to § 2255, Petitioner has improperly filed his petition under § 2241. The petition filed under § 2241 is actually an attempt to obtain relief only available under § 2255 and should be treated as such. Accordingly, this Court is without jurisdiction to consider the Petition.

Further, even if this Court had jurisdiction to consider the Petition, § 2255(h) prohibits successive petitions for relief under that section without receipt of express permission from the appropriate court of appeals. Petitioner has previously sought relief under § 2255 in at least ten separate filings in three separate courts: the Middle District

of Pennsylvania where he was convicted; Central District of California where he was incarcerated[10]; and in the Third Circuit Court of Appeals. However, the requested relief was denied in each case. Petitioner has further filed at least seven separate petitions seeking relief under § 2241, improperly raising grounds in those § 2241 petitions which were properly considered under § 2255. Moreover, Petitioner has not obtained permission from any court of appeals to file any second or successive petition pursuant to § 2255. This Court further notes that, on at least two occasions, February 13, 2013, and February 25, 2014, the Third Circuit Court of Appeals has expressly refused to issue a certificate of appealability to Petitioner. M.D.Pa. 3:05-CR-493 ECF Nos. 493, 508. Additionally, on a third occasion, on November 28, 2012, the District Court determined that there was no basis for the issuance of a certificate of appealability. M.D.Pa. 3:05-CR-493 ECF No. 492.

At its essence, the issues raised in Petitioner's § 2241 petition attack the validity of his sentence rather than the means of execution and seek his release from an "unconstitutional" sentence. These are claims properly considered under § 2255, regardless of his attempt to seek relief under § 2241. Further, according to the Petition, the Petitioner has previously applied for and been denied post-conviction relief in the sentencing court. Moreover, it is abundantly apparent that Petitioner has filed multiple § 2255 and § 2241 proceedings in various courts wherein he sought the same relief he requests here, and at one time or another has raised all of the same arguments presented here. Thus, it is clear that Petitioner is now pursuing relief in this Court under

---

[10] The Court notes that the motion filed in the Central District of California was transferred to the Middle District of Pennsylvania where it was ultimately denied. M.D.Pa. 3:05-CR-493 ECF No. 492.

§ 2241 because filing a motion under § 2255 in the sentencing court has already been determined to be a successive petition which is barred by 28 U.S.C. § 2255.

Under the circumstances presented, Petitioner is expressly precluded by § 2255 from pursuing any relief under § 2241. Accordingly, the undersigned finds that the current § 2241 petition is actually a § 2255 motion and is a second or successive such motion. The undersigned further finds that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file such a successive § 2255 motion in this Court. Further, this Court notes that the Third Circuit Court of Appeals has repeatedly refused to authorize such a second or successive petition requested by Mr. Reynolds. Accordingly, pursuant to 28 U.S.C. §§ 2244 and 2255, this Court is without authority to hear Petitioner's second or successive motion to vacate. See United States v. Winestock 340 F.3d 200, 207 (4th Cir. 2003).

## V. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's §2241 petition be **DENIED and DISMISSED WITH PREJUDICE**.

Further, the undersigned recommends that the District Court **DENY** Petitioner's motions to compel [ECF Nos. 4, 20], motions under 28 U.S.C. §§ 2241 and 2243 [ECF Nos. 14, 15], motions under Federal Rule of Civil Procedure 36(a)(3) [ECF Nos. 18, 19] and motion for a restraining order and sanctions [ECF No. 23].

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections

identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:    November 2, 2017

ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE