# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**REV. MICHAEL CURTIS REYNOLDS**

Petitioner,

v.  CIVIL ACTION NO.: 3:17-CV-67
  (GROH)

**WARDEN JENNIFER SAAD,**

Respondent.

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on November 2, 2017. ECF No. 24. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny the Petitioner's petition and dismiss the same with prejudice. The Petitioner timely filed objections to the R&R on November 15, 2017. ECF No. 27. Accordingly, this matter is now ripe for adjudication.

## I. BACKGROUND

On June 12, 2017, Michael Curtis Reynolds ("Petitioner") filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, the Petitioner advances four grounds for which he is being held in violation of the Constitution or laws of the United States. Specifically, the Petitioner asserts that he is factually innocent; that the Government used perjured testimony to convict him; that the sentence imposed was illegal because his criminal history was improperly calculated and that insufficient

evidence exists to sustain his conviction.  See ECF No. 1. The Petitioner filed numerous motions since filing his complaint.  See ECF Nos. 2, 4, 5, 6, 7, 13, 14, 15, 18, 19, 20 and 23.  Thereafter, Magistrate Judge Trumble entered an R&R.  ECF No. 24.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and thoroughly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

In 2007, a jury found the Petitioner guilty on five of six charged counts.  Specifically, the Petitioner was convicted of attempt to provide material support to a foreign terrorist organization (Al-Qaeda); attempt to provide material support to be used in maliciously damaging and destroying an interstate gas pipeline by means of force or explosive; solicitation of others to engage in a felony involving the damaging or attempted damaging of an interstate pipeline facility by means of force or explosive; distribution of information through the internet involving the manufacture and use of an explosive or destructive device to be used to damage or attempt to damage an interstate gas pipeline facility and possession of an explosive grenade not properly registered.

Even construing the Petitioner's objections liberally because the Petitioner is *pro se*, the Court is left with six pages containing information that is either entirely irrelevant, incoherent or was already presented to Magistrate Judge Trumble.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

2

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the Magistrate's recommended disposition which is being challenged and shall specify the basis for such objection." LR PL P 12.2.

"When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not

3

constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the Magistrate Judge's R&R. Rather, the objections reiterate the same arguments the Petitioner made in his original filings, which were considered by the magistrate judge when he issued the R&R. Therefore, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections that present new facts or arguments not already before the magistrate judge. Further, the Court is not persuaded by anything the Petitioner has presented and notes, as Magistrate Judge Trumble found, that the Petitioner has filed nearly a dozen § 2255 petitions and seven § 2241 petitions prior to the instant petition.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record, applies the appropriate legal analysis and contains no clear error, <u>it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 24] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.</u>

Thus, the Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED and DISMISSED WITH PREJUDICE**. All of the Petitioner's pending motions are hereby **DENIED as MOOT**. ECF Nos. 4, 14, 15, 18, 19, 20, and 23.

This matter is **ORDERED STRICKEN** from the Court's active docket.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing. Accordingly, a certificate of appealability **SHALL NOT ISSUE**.

The Clerk of Court is further **DIRECTED** to transmit copies of this Order to all counsel of record and to the *pro se* Petitioner, certified mail, return receipt requested, at his last known address, as reflected upon the docket.

**DATED:** January 2, 2018

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE